UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO:

MEREDITH FRYDMAN, on Behalf of
Herself and All Others Similarly Situated,

        Plaintiff,

    v.

WHOLE FOODS MARKET GROUP, INC.,
and WFM PRIVATE LABEL, L.P.,

        Defendants.

## NOTICE OF REMOVAL

Defendants Whole Foods Market Group, Inc. and WFM Private Label, L.P. ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal[1] with respect to the above-captioned case, which was filed and currently is pending in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. In support of this Notice of Removal, Defendants state as follows:

### Background

This action is one of eleven actions seeking relief based on allegations of the same general conduct by Whole Foods Market entities—the alleged misrepresentation of sugar content on the nutritional labels of Whole Foods Market 365 Everyday Value Plain Greek Yogurt (the

---

[1] The arguments raised in this Notice of Removal are for the purposes of removal only. By the assertion or omission of any argument or reliance upon any law, Defendants do not intend to waive and specifically reserve their right to assert any defenses and/or objections to which they may be entitled to assert through dispositive motion or otherwise.

"Related Cases").[2]  The ten other Related Cases were pending in federal district courts around the country, but are all now pending in the U.S. District Court for the Western District of Texas, before the Hon. Sam Sparks.  The U.S. Panel on Multidistrict Litigation ("Panel") transferred the Related Cases, including a Related Case brought by another Florida resident and previously pending in the Middle District of Florida, for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.  *See* **Exhibit A** (Transfer Order in *In Re: Whole Foods Market Greek Yogurt Marketing And Sales Practices Litigation*, MDL No. 2588 (Dec. 10, 2014) (transferring four Related Cases pending outside the W.D. Texas)); **Exhibit B** (*Finalized Conditional Transfer Order* in *In Re: Whole Foods Market Greek Yogurt Marketing And Sales Practices Litigation*, MDL No. 2588 (Dec. 22, 2014) (transferring four remaining Related Cases pending outside the W.D. Texas)).  While several Related Cases were removed from state court, only Plaintiff in *Rodhouse v. Whole Foods Market Group, Inc.*, Case No. 4:14-cv-01764 (E.D. Mo.) sought a remand.  The Motion to Remand in *Rodhouse* has been briefed and is currently pending before the Hon. Sam Sparks in the Western District of Texas.

---

[2] The ten other Related Cases include:  (1) *Knox v. Whole Foods Market Group, Inc.*, Case No. 1:14-cv-13185 (D. Mass) (filed Aug. 1, 2014); (2) *Markley v. Whole Foods Market Group, Inc.*, Case No. 8:14-cv-01892-CEH-MAP (M.D. Fla.) (filed on Aug. 6, 2014); (3) *Bilder v. Whole Foods Market Group, Inc.*, Case No. 1:14-cv-06146-RBK-JS (D. N.J.) (initially filed on Aug. 8, 2014 as Case No. BUR-L-1904-14 (Superior Court of New Jersey) and removed to federal court on October 2, 2014); (4) *Clemente v. Whole Foods Market Group, Inc.*, Case No. 2:14-cv-05652-MMB (E.D. Pa.)(initially filed on August 11, 2014 as Case No. 140801271 (Court of Common Pleas, Philadelphia County) and removed to federal court on October 3, 2014); (5) *Jackson v. Whole Foods Market Group, Inc.*, Case No. 2:14-cv-06705-R-VBK (C.D. Cal.) (filed on Aug. 26, 2014); (6) *Grodnick v. Whole Foods Market Group, Inc.*, Case No. 1:14-cv-07035-ALC (S.D.N.Y.) (filed on Aug. 29, 2014); (7) *Rodhouse v. Whole Foods Market Group, Inc.*, Case No. 4:14-cv-01764 (E.D. Mo.) (initially filed on September 13, 2014 as Case No. 1422-CC09626 (Circuit Court of the City of St. Louis, State of Missouri) and removed to federal court on October 17, 2014); (8) *Richards v. Whole Foods Market Group, Inc.*, Case No. 2:14-cv-02221-JAT (D. Az.) (filed on Oct. 6, 2014); (9) *Steeley v. Whole Foods Market Rocky Mountain/Southwest, L.P.*, Case No. 1:14-cv-00932-SS (W.D. Tex.) (filed on Oct. 10, 2014); (10) *Kubick v. Whole Foods Market, Inc.*, Case No. 1:14-cv-01013-SS (filed Nov. 10, 2014).

**Timeliness of Removal**

1. On December 12, 2014, Plaintiff Meredith Frydman ("Plaintiff") filed a Petition and Jury Demand ("Complaint") against Defendants in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. The lawsuit is recorded on that court's docket as 2014CA014864 (AB). There are no other parties named in the Complaint at the time of filing this removal.

2. On December 16, 2014, a copy of the Complaint was served through a registered agent upon Defendant Whole Foods Market Group, Inc. A true and correct copy of the Notice of Service of Process is attached hereto as **Exhibit C**. Defendant Whole Foods Market Private Label, L.P. has not been served with the Complaint but joins in this Notice of Removal.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons, Complaint, and Jury Demand, which constitutes "all summons, pleadings, and orders" served upon Defendant Whole Foods Market Group, Inc. in the 15th Judicial Circuit Court of the City of Palm Beach, State of Florida action, are attached hereto as **Exhibit D**.

4. Because Defendants have filed this Notice of Removal within thirty (30) days of service of Whole Foods Market Group, Inc., this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**Basis for Removal**

5. The basis for removal is diversity jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).

6. This putative class action satisfies all the jurisdictional requirements under CAFA based on the allegations in the Complaint. Specifically: (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; and (3) and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5)(B).

7.      *First*, CAFA requires that the putative class consist of at least 100 persons.  28 U.S.C. § 1332(d)(5).  In the Complaint, Plaintiff purports to bring this action on behalf of "all persons in the State of Florida, within the relevant statute of limitations period, [who] purchased" Whole Foods 365 Everyday Value brand Plain Greek Yogurt.  Compl. ¶ 26.  Plaintiff claims the "members of the Class number in the tens of thousands."  Compl. ¶ 28.  Therefore, by Plaintiff's own allegations, the putative class exceeds at least 100 persons.

8.      *Second*, CAFA requires that the parties be minimally diverse; that is, at least one putative class member must be a citizen of a different state than at least one Defendant.  28 U.S.C. § 1332(d)(2).  The term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.  28 U.S.C. § 1332(d)(1)(D).  In the Complaint, Plaintiff alleges that she is a citizen of Palm Beach County, Florida.  Compl. ¶ 6.  Therefore, Plaintiff is a citizen of Florida.  Defendant Whole Foods Market Group, Inc. is a Delaware Corporation with its principle place of business in Texas.  Therefore, Whole Foods Market Group, Inc. is deemed a citizen of Delaware and Texas.  28 U.S.C. § 1332(c)(1).  Defendant WFM Private Label, L.P. has two partners, both of which are Delaware corporations with principal places of business in Texas.  Therefore, WFM Private Label, L.P. is deemed a citizen of Delaware and Texas.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens.).  Plaintiff alleges in the Complaint that Defendant WFM Private Label, L.P. is a Delaware Limited Partnership with its principle place of business in Texas.  Even if that were true and the basis for determining its citizenship, WFM Private Label, L.P. would be a citizen of Delaware and Texas.  Either way, Plaintiff and Defendants are citizens of different states and the parties satisfy the minimal diversity requirement.

18734189v.5

9. *Third*, to confer diversity jurisdiction under CAFA, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "[T]he District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

10. It is fundamental that Plaintiff is the master of her complaint. *See, e.g.*, *Escala v. Victoria's Secret Stores, LLC*, 727 F. Supp. 2d 1350, 1352-53 (S.D. Fla. 2009) (citing *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). And the amount in controversy requirement can be satisfied by the allegations in the Complaint alone. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also Nowlin v. Nat'l Linen Serv.*, Civ. A. No. 5:97CV226-RH, 1997 WL 715035, at *1 (N.D. Fla. Oct. 7, 1997) ("What a plaintiff may *not* do is have it both ways; a plaintiff may not pursue a complaint seeking damages in excess of …[the jurisdictional amount] while obtaining remand on the grounds that the amount in controversy is not that much."). The removing defendant need only prove the amount in controversy requirement is met by a preponderance of the evidence where plaintiff does not claim a specific amount in the Complaint. *Id.* Even where the removing defendant is required to prove the amount in controversy requirement is met by a preponderance of the evidence, *i.e.*, where the plaintiff has not claimed a specific amount in the Complaint, the district court may consider facts alleged in the notice of removal or other summary judgment type evidence *if* the amount in controversy is not "facially apparent" from the complaint. *Id.*; *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). The Eleventh Circuit gives district courts leeway

"to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-1062.

11.  Plaintiff alleges on the face of the Complaint that "[n]o individual Class Member's claim is equal to or greater than seventy-five thousand ($75,000), inclusive of costs and attorneys' fees."  Compl. ¶ 8.  Attorneys' fees are included in the determination of the amount in controversy.  *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (attorneys' fees count towards the amount in controversy where allowed by contract or statute); *Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co., Ltd.*, Civ. A. No. 1:12-cv-20626, 2012 WL 2873733, at *15 (S.D. Fla. June 29, 2012) (attorneys' fees potentially recoverable from non-prevailing party under Florida's Deceptive and Unfair Trade Practices Act).  Costs are not included in the amount in controversy.  28 U.S.C. § 1332(d)(2). But any amounts of each plaintiff's claim attributable to taxable costs would be *de minimis*.  *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, Civ. A. No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *2 (M.D. Fla. 2010) (emphasizing that Congress has imposed uniform and rigid controls on cost-shifting in federal courts by enacting 28 U.S.C. § 1920); *Gray v. FedEx Ground Package Sys., Inc.*, Civ. A. No. 4:06-CV-00422 JAR, 2014 WL 4386739, at *2 (E.D. Mo. Sept. 5, 2014) (same; awarding, after 8 years of litigation involving eleven prevailing plaintiffs, less than three-thousand dollars in taxable costs per plaintiff); *Villaneuva-Gonzalez v. Grainger Farms, Inc.*, Civ. A. No. 2:09-CV-00716-36DNF, 2011 WL 5834629, at *2 (M.D. Fla. 2011) (awarding costs in multi-year litigation to ninety-four prevailing plaintiffs of less than $120 per plaintiff).

6

12. Therefore, based on the allegations of the Complaint, Plaintiff specifically pleads a sum certain that the amount in controversy for each individual Class Member is $74,999 less *de minimis* costs. *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313, 1316-17 (S.D. Ala. 2004) ("[t]he complaint expressly articulates the plaintiff's desire to recover $75,000.00 in compensatory and punitive damages" where plaintiff alleged that he "be awarded damages . . . not to exceed Seventy-Five Thousand and No/100 ($75,000.00) Dollars."); *Dibble v. Avrich*, Civ. A. No. 14-CIV-61264, 2014 WL 6632629, at *4 (S.D. Fla. Nov. 21, 2014) (noting the plaintiff in *Raye* "expressly demanded recovery in excess of $75,000" in the complaint); *see also Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014) (holding that the defendant met its burden as to the CAFA amount in controversy jurisdictional threshold through the plaintiffs' allegations of "a nationwide class consisting of at least $50,000 in damages per class member," based on which "a jury might conclude that the class suffered damages of more than $5 million dollars, even if the individual class members' monthly overpayment was minimal").

13. Plaintiff also alleges that the "members of the Class number in the tens of thousands." Compl. ¶ 28.

14. Therefore, multiplying by just 1% of Plaintiff's alleged sum certain, $749.99, by half of Plaintiff's minimum alleged class size, 10,000 putative Class Members, the amount placed in controversy for CAFA is $7,499,900.00, well in excess of the jurisdictional amount. Indeed, given the number of Class Members specifically alleged by Plaintiff, the jurisdictional minimum under CAFA would be satisfied by approximately 0.33% of the Plaintiff's alleged sum certain per 20,000 Class Members—just $250 per Class Member.

15. Plaintiff cannot escape CAFA removal by simply alleging that "[n]o individual Plaintiff's or Class Member's claim is equal to or greater than seventy-five thousand ($75,000),

inclusive of costs and attorneys' fees, and in the aggregate will not exceed $4,999,999 and is less than the sum or value of the five million ($5,000,000) minimum threshold to create federal court jurisdiction."  Compl. ¶ 8.  Such stipulations may *not* prevent removal under CAFA.  *See, e.g.*, *Standard Fire Ins. Co.*, 133 S. Ct. at 1348 (precertification stipulation limiting class damages sought to less than $5 million in order to avoid removal does not defeat federal jurisdiction under CAFA); *Stafford v. Whole Foods Makt Cal., Inc.*, Civ. A. No. 4:14CV00420 JLH, 2014 WL 4755988, at *3 (E.D. Ark. Sept. 24, 2014) ("[a]lthough the complaint alleges damages do not exceed the $5,000,000 amount in controversy threshold, by alleging damages up to $74,999.00 per class member, Stafford has placed that amount in controversy for each class member.").

16.   Because the CAFA jurisdictional requirements are all met, this case is properly removable to this Court under 28 U.S.C. § 1332(d).

### Additional Information

17.   True and correct copies of "all process, pleadings, and orders" from the state court are attached in conformity with 28 U.S.C. § 1446(a).  There has been no other process, pleadings, or orders served upon either of the Defendants to date in this case.

18.   Pursuant to Local Rule 5H, this Notice of Removal is being filed in the United States District Court for the Southern District of Florida, West Palm Beach Division, as this is the district court within which the Fifteenth Judicial Circuit Court action is pending.  28 U.S.C. § 1441(a).

19.   Contemporaneously with the filing of this Notice of Removal, Defendants are filing a copy of the same with the clerk of the 15th Judicial Circuit Court in and for Palm Beach County, Florida, and a Notice of Filing Notice of Removal.

20.   Written notice of this filing of this Notice of Removal has also been served upon Plaintiff.

18734189v.5

21.     Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal. By filing this Notice of Removal, Defendants do not waive any claims or defenses available at law, in equity or otherwise.

**WHEREFORE**, Defendants respectfully request that the above-referenced civil action proceed in the United States District Court for the Southern District of Florida, West Palm Beach Division, as an action properly removed thereto.

DATED:  January 2, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/Alex S. Drummond

Alex S. Drummond (Fla. Bar #: 0038307)
adrummond@seyfarth.com
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3962
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Jay W. Connolly (*pro hac vice* to be filed)
Joseph J. Orzano (*pro hac vice* to be filed)
jconnolly@seyfarth.com
jorzano@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendants

18734189v.5

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 2nd day of January 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

| | | |
|---|---|---|
| Barry L. Davis, Esq. | Antonia Vozzolo, Esq. | Corey D. Holzer, Esq. |
| Thornton, Davis & Fein, PA | Faruqi & Faruqi LLP | Holzer & Holzer LLC |
| 80 SW 8th St. | 369 Lexington AVE. | 1200 Ashwood Parkway |
| Suite 2900 | 10th Floor | Suite 410 |
| Miami FL 33130 | New York NY  10017 | Atlanta GA  30338 |

                                                s/Alex S. Drummond
                                                Counsel for Defendant

18734189v.5