IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*FILED*

2015 SEP 30  AM 10: 13

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

IN RE:

WHOLE FOODS MARKET, INC.,                    Case No.  A-14-MC-2588-SS
GREEK YOGURT MARKETING                        [MDL No. 2588]
AND SALES PRACTICES LITIGATION

THIS DOCUMENT RELATES TO: No. 1:14-CV-1135-SS; 1:15-CV-264-SS

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled causes,

specifically Plaintiff Sarah Rodhouse's Renewed Motion to Remand [#27]; Defendant Whole Foods

Market Group, Inc.'s Response [#28] thereto; Plaintiff's Reply [#29] in support; Plaintiff's

Supplemental Memorandum with Fifth Circuit Authority In Support of Motion to Remand [#31];

Defendant's Supplemental Brief in Support of Opposition to Plaintiffs' Remand Motions [#32],

docketed in *Rodhouse v. Whole Foods Market Group Inc.*, 1:14-CV-1135-SS; Plaintiff Meredith

Frydman's Motion to Remand [#35]; Defendants Whole Foods Market Group, Inc. and WFM

Private Label, L.P.'s Opposition [#35-8] thereto; Plaintiff's Reply [#35-11] in support; Plaintiff's

Notice of Supplemental Authorities [#36]; Defendants' Response [#37] thereto; and Defendants'

Supplemental Brief in Support of Opposition to Plaintiffs' Remand Motions [#39], docketed in

*Frydman v. Whole Foods Market Group, Inc. et al.*, 1:14-CV-264-SS.  Having reviewed the

pleadings, the briefing of the parties, the relevant law, and the case file as a whole, the Court now

enters the following opinion and orders.

**Background**

This Multidistrict Litigation (MDL) involves eleven nationwide and statewide putative class action lawsuits against Whole Foods Market, Inc. and various related corporate entities (collectively, Whole Foods Defendants) based on the alleged misrepresentation of the sugar content in store-brand "Whole Foods 365 Everyday Value Plain Greek Yogurt" (Yogurt). The consumer classes typically allege the Whole Foods Defendants—as developers, manufacturers, labelers, and exclusive sellers and distributors of the Yogurt—falsely led them to believe the Yogurt contained only two (2) grams of sugar per serving, when it in fact contained over eleven (11) grams of sugar per serving. The consumer classes further allege this discrepancy was a product of negligent testing and negligent labeling of the Yogurt. The Plaintiff classes bring claims under the applicable state consumer protection and unfair competition statutes, and for negligent misrepresentation, fraud, unjust enrichment, breach of express and implied warranties, and other similar claims.

On December 12, 2014, the Judicial Panel for Multidistrict Litigation (JPML) centralized four of the eleven member cases in the Western District of Texas pursuant to 28 U.S.C. § 1407 for the purposes of coordinated pretrial proceedings. *See* Transfer Order [#1] at 1, *In re Whole Foods Market, Inc. Greek Yogurt Mktg. & Sales Practices Litig.*, 1:14-MC-2588-SS, MDL No. 2588 (W.D. Tex., transferred Dec. 10, 2014) (MDL). The remaining seven member cases were filed or received by this Court on April 7, 2015. *See* April 6, 2015 Transfer Order [#4], MDL.

Plaintiffs in the following two cases originally filed their lawsuits in Missouri and Florida state court, respectively *Rodhouse v. Whole Foods Market Grp., Inc.*, 1:14-cv-1135-SS, and *Frydman v. Whole Foods Market Grp., Inc. et al.*, 1:15-cv-264-SS. Each action was subsequently removed to federal court on the basis of diversity jurisdiction under the Class Action Fairness Act (CAFA),

28 U.S.C. § 1332(d). Prior to transfer to this Court, Plaintiffs filed motions to remand each case to their respective state courts on the basis of lack of subject matter jurisdiction. On March 3, 2015, this Court entered Pretrial Order No. 1, which, among other things, directed the parties to re-file the pending motions to remand in the individual dockets for each case. *See* Pretrial Order No. 1 [#3] ¶ 10, MDL. Plaintiffs in both matters re-filed their respective motions to remand in this Court and the motions are currently ripe for review.

The parties do not dispute the authority of the transferee judge to decide pending motions to remand originally filed in a transferor court. *See, e.g.*, *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002). Because the motions in both cases present nearly identical issues under the Class Action Fairness Act, 28 U.S.C. § 1332(d), the Court will consider them together in this order.

## I.   *Rodhouse v. Whole Foods Market Group Inc.*

On September 13, 2014, Plaintiff Sarah Rodhouse filed her complaint against Whole Foods Market Group, Inc. in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri on behalf of herself and a proposed statewide class consisting of "all persons in Missouri who purchased Whole Foods 365 Everyday Value Nonfat Plain Greek Yogurt from July 2009–July 2014." Notice Removal [#1-1] Ex. A ¶¶ 1, 19 (Rodhouse Compl.), *Rodhouse v. Whole Foods Market Grp., Inc.*, 1:14-cv-1135-SS (W.D. Tex., filed Sept. 13, 2014) (Rodhouse Suit). According to Rodhouse, the proposed class consists of "thousands of purchasers." *Id.* ¶ 21.

Rodhouse alleges Whole Foods engaged in "deceptive, unfair, and false merchandising practices" in violation of the Missouri Merchandising Practices Act (MMPA), MO. REV. STAT. §§ 407.010 *et seq.*, when it falsely claimed an 8-ounce serving of the Yogurt contained 2 grams of

-3-

sugar when in actuality the same size serving actually contained over 11 grams of sugar. *Id.* ¶¶ 1,

31–35.   Rodhouse and the Missouri Class Members also brings a state law claim for unjust

enrichment. *Id.* ¶¶ 36–40. The complaint does not request punitive damages or statutory penalties.

*Id.* ¶ 5. Rodhouse claims:

> No individual Plaintiff's or Class Member's claim is equal to or greater than seventy-five thousand dollars ($75,000), inclusive of costs and attorneys' fees.
>
> [T]he total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is less than the five million dollar ($5,000,000) minimum threshold to create federal jurisdiction.

*Id.* Accordingly, Rodhouse affirmatively pleads that the value of all categories of damages

"sustained, sought, and pled by Plaintiff and Class Members is less than $75,000 individually and

less than $5,000,000 in the aggregate, inclusive of all attorneys' fees, costs, interest, and any other

recovery." *Id.* ¶ 8.

**II.**   ***Frydman v. Whole Foods Market Group, Inc. et al.***

On December 12, 2014, Meredith Frydman filed her class action complaint against Whole

Foods Market Group, Inc. and WFM Private Label, L.P. in the Fifteenth Judicial Circuit Court of

Palm Beach County, Florida. *See* Notice Removal [#1-5] Ex. D (Frydman Compl.), *Frydman v.*

*Whole Foods Market Grp., Inc., et al.*, 1:15-cv-264-SS (W.D. Tex., filed Dec. 12, 2014) (Frydman

Suit).   The proposed class consists of all persons in the State of Florida within the relevant

limitations period who purchased the Yogurt. *Id.* ¶ 26.  Frydman alleges the members of the Class

number in the "tens of thousands." *Id.* ¶ 28.

Frydman brings state law claims for unjust enrichment, breach of express warranty, negligent

misrepresentation and violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA),

FLA. STAT. §§ 501.201 *et seq.* based on alleged misrepresentations of the sugar content on nutritional labels of the Yogurt. *Id.* ¶¶ 1–4. Similarly to the complaint in *Rodhouse*, Frydman alleges Whole Foods labeled the Yogurt as containing only two (2) grams of sugar per serving when in fact the Yogurt contained more than eleven (11) grams of sugar per serving. *Id.* ¶ 3. Frydman alleges she would not have paid the premium price for Whole Foods brand yogurt had she known its true sugar content. *Id.* ¶ 4. Frydman and the Florida Class Members seek a declaration that Whole Foods' alleged conduct violated FDUTPA as well as compensatory damages, interest, costs and reasonable attorneys' fees. *Id.* ¶ 8. With regard to damages, Frydman claims:

> No individual Plaintiff's or Class Member's claim is equal to or greater than seventy-five thousand ($75,000), inclusive of costs and attorneys' fees and in the aggregate will not exceed $4,999,999 and is [sic] less than the sum or value of the five million ($5,000,000) minimum threshold to create federal court jurisdiction.

*Id.* As in *Rodhouse*, Frydman affirmatively pleads there is no diversity jurisdiction. *Id.*

### III.   Whole Foods' Notice of Removal and Plaintiffs' Motion to Remand

In both cases, Whole Foods removed the original state actions to federal court pursuant to 28 U.S.C. § 1441, alleging federal diversity jurisdiction.[1] As the basis for removal, Whole Foods claims both putative class actions satisfy the jurisdictional elements under CAFA based on the allegations in each respective complaint because (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* Rodhouse NOR at 2–5; Frydman NOR at 3–8; *see*

---

[1] In *Rodhouse*, Whole Foods timely filed its Notice of Removal in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1441, on the basis of diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d), and the diversity statute, 28 U.S.C. § 1332(a). *See* Notice Removal [#1] (Rodhouse NOR), Rodhouse Suit. In *Frydman*, Whole Foods timely removed the case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction under CAFA. *See* Notice Removal [#1] (Frydman NOR), Frydman Suit.

*also* 28 U.S.C. §§ 1332(d)(2); (5)(B). Plaintiffs in both cases moved to remand their respective actions to the state courts from which they were removed on the grounds Whole Foods has not met its burden to show the CAFA amount-in-controversy element is satisfied. *See* Renewed Mot. Remand [#27], Rodhouse Suit; Mot. Remand [#35], Frydman Suit.

### Analysis

I.      **Applicable Law**

The above-styled actions were transferred to this Court by the JPML for purposes of coordinated pretrial proceedings. As an MDL transferee court, the Court is obligated to decide questions of federal law using the law of the circuit in which the transferee court sits rather than the law of the transferor court's circuit. *See, e.g., Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987) (other citations omitted)); *In re Temporomandibular Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located."). This rule extends directly to controversies over subject matter jurisdiction in the context of motions to remand, and specifically to amount-in-controversy disputes. *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D. N.Y. 2007) (footnote omitted); 32A AM. JUR. 2d *Federal Courts* § 1520 (2d ed. 2006) ("For example, because whether the relief sought exceeds the statutory minimum necessary for diversity jurisdiction is a question of federal law, the law of the circuit where the transferee court sits governs the determination of that question.") (citing *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 746 (E.D.N.Y. 2001)). "The diversity jurisdiction law of the [MDL] transferee court should be applied because 'applying the law of the transferor circuit could yield a situation

where we would find federal jurisdiction exists over claims from some parts of the country, but not from others. This is an untenable result.'" *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 644 n.128 (S.D. Tex. 2005) (citations omitted).

However, in reaching a reasoned decision in the above-styled cases, the Court will not blindly cast aside the law of the transferor circuit—here, the Eighth and Eleventh Circuits. Indeed, in evaluating whether the CAFA amount-in-controversy is satisfied, the transferor circuit law "merits close consideration." *Korean Air Lines Disaster*, 829 F.2d at 1176. Consequently, the Court will look first to binding Fifth Circuit precedent, if any, and, if none exists, the Court will look to "an evaluation of other circuit law . . . in order to make a reasoned decision." *In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819, 823 (E.D. Mich. 1999).

## II.    Legal Standard—Motion to Remand

Any civil action brought in state court over which a federal court would have original jurisdiction may be removed from state to federal court. 28 U.S.C. § 1441(a). "CAFA authorizes federal jurisdiction over class actions that allege (1) the class of plaintiffs would exceed 100 persons, (2) at least one member of the class is diverse in citizenship from at least one of the defendants, and (3) the aggregate quantum of damages suffered by members of the plaintiff class exceeds $5 million (exclusive of interest or costs)." *Berniard v. Down Chem. Co.*, 481 F. App'x 859, 860 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1332(d)(2) and (5)(B)). Class actions may be removed to federal court under CAFA. 28 U.S.C. § 1453. Indeed, contrary to the general rule strictly construing the removal statute against jurisdiction, the Supreme Court has recently explained no "antiremoval presumption attends cases invoking CAFA" because "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, — U.S. —, 135 S. Ct. 547, 554 (2014). Here, the parties agree the first two requirements are met, and thus the only issue before the Court is whether the amount in controversy exceeds $5 million.

In the Fifth Circuit, the party seeking removal has the burden of establishing the existence of federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). When the plaintiff class does not allege a specific quantum of damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *Berniard*, 481 F. App'x. at 862 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). "In proceeding from that point, a defendant seeking to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *Id.* (citing *De Aguilar*, 11 F.3d at 57–58; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)). Once the defendant has met its burden, a plaintiff may succeed on its motion to remand only if it can prove "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1411–12 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

This approach appears consistent with long lines of precedent in both the Eighth and Eleventh Circuits permitting removing defendants to rely on the state court complaints alone to establish the jurisdictional minimums, without resort to extrinsic evidence. *Compare Berniard*, 418 F. App'x. at 862–63, *with Hartis Chic. Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) ("[L]ooking at the face of the complaint alone, we hold that [defendant] has satisfied its burden of proving the jurisdictional amount by a preponderance of the evidence."), *and Pretka v. Kolter City Plaza II, Inc.*,

608 F.3d 744, 751–69 ("'When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2010)).

## III.   Application

Plaintiffs' state court complaints do not allege a specific amount in damages and thus the burden is on Whole Foods to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million. Whole Foods has submitted no extrinsic evidence in support of its removal allegations—it relies exclusively on the allegations in Plaintiffs' complaints. According to Whole Foods, Plaintiffs' damage allegations seeking "less than" $75,000 per individual are tantamount to placing into controversy $74,999 per individual less *de minimis* costs.[2] Multiplying the alleged sum certain of approximately $74,999 per class member by the "thousands" or "tens of thousands" of alleged class members in each respective class, Whole Foods argues the complaint facially establishes that the amount in controversy for purposes of CAFA is no less than $74,999,000, an amount far in excess of the $5,000,000 minimum. Whole Foods argues Plaintiffs cannot defeat federal jurisdiction by expressly alleging an amount in controversy below the jurisdictional amount. *See Standard Fire Ins. Co. v. Knowles*, — U.S. —, 133 S. Ct. 1345, 1348 (2013).

---

[2] Whole Foods reduces the alleged amount in controversy per plaintiff by the value of taxable costs, *see* 28 U.S.C. § 1332(d)(2), which they characterize as being *de minimis*. Because the parties do not dispute to what extent this characterization is proper, and because the amount of taxable costs does not alter the outcome of these motions, the Court offers no opinion concerning whether costs can be considered *de minimis*.

Plaintiffs advance two arguments in support of remand. First, Plaintiffs contend *Dart Cherokee Basin Operating Co., LLC v. Owens*, — U.S. —, 135 S. Ct. 547 (2014), altered Fifth Circuit precedent such that Whole Foods may no longer rely on the face of Plaintiffs' complaints to meet its removal burden but must instead present extrinsic evidence of the amount in controversy. Second, even if Whole Foods is still entitled to rely on the state court complaints alone for purposes of removal, Plaintiffs refute that seeking "less than" $75,000 per class member is the same as seeking a "sum certain" of $74,999 less *de minimis* costs and argue Whole Foods must point to specific factual allegations demonstrating the CAFA jurisdictional threshold is met. Because the complaints do not allege the size of the class or the number of mislabeled Yogurt containers sold during the relevant time period, and because the Plaintiffs seek only compensatory damages on behalf of statewide classes, Plaintiffs claim it is not facially apparent $5 million is more likely than not at stake. The Court will address each argument in turn.

## A.    Whole Foods May Rely on Plaintiffs' Complaints Alone to Meet its Burden

First, Plaintiffs argue the holding in *Dart Cherokee* forecloses Whole Foods' ability to rely solely on the allegations in their respective state court complaints to establish the requisite amount in controversy in opposition to a motion to remand. In *Dart Cherokee*, the Supreme Court reversed a district court order remanding a class action case to state court on the grounds the removing defendant failed to include proof of the amount in controversy in the notice of removal itself. 135 S. Ct. at 551–54. The Supreme Court held that a removing "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and does not require extrinsic evidence. *Id.* at 554. In reaching its conclusion, the Court stated that "evidence establishing the amount is required . . . only when the plaintiff contests, or the

court questions, the defendant's allegation." *Id.* Drawing from *Dart Cherokee*'s framework, Plaintiffs argue once they contested the jurisdictional allegations in Whole Foods' notice of removal, Whole Foods was required to submit extrinsic evidence proving the amount in controversy by a preponderance of the evidence and because Whole Foods failed to submit a single shred of evidence, Whole Foods failed to carry its burden.

The Court declines Plaintiffs' invitation to disrupt well-settled circuit precedent based on dicta in *Dart Cherokee*. The single question on appeal in *Dart Cherokee* was: "[t]o assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" *Id.* at 551. To this the Court answered: "A statement 'short and plain' need not contain evidentiary submissions." *Id.* The issue concerning whether a removing defendant must submit evidence of the amount in controversy once a plaintiff contests federal jurisdiction by filing a motion to remand or whether the defendant may look solely to the face of the state court complaint to meet its burden was not before the Court. *See, e.g., Ibarra v. Manheim Invest., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("We must decide what proof a defendant seeking removal must produce to prove the amount-in-controversy requirement under [CAFA] . . . when the complaint *does not include a facially apparent* amount in controversy . . ." (emphasis added)); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("*Dart*—which did not involve a plaintiff's contest to the defendant's jurisdictional allegations—did not disrupt any of this pre-existing CAFA case law.").[3] Accordingly,

---

[3] In the only Fifth Circuit decision citing *Dart Cherokee*, the appeals court confirmed it has "long been our approach" that defendants do not need to attach evidence supporting the alleged amount of controversy to the notice of removal but did not address whether removing defendants may still rely on allegations in the state court complaint to meet its burden. *Statin v. Deutsche Bank Nat. Trust Co.*, 559 F. App'x 545, 546 n.1 (5th Cir. 2014). However, at least one district court in Louisiana has noted that it is "unclear" whether the Fifth Circuit's framework for evaluating the amount in controversy "will remain viable" in light of the *Dart Cherokee* decision. *See, e.g., Sumrall v. Ricoh USA, Inc.*,

the court will continue to follow Fifth, Eighth, and Eleventh Circuit precedent, which permits Whole

Foods to rely on the face of the Plaintiffs' complaints to show by a preponderance of the evidence

CAFA's jurisdictional prerequisites are met.

**B.**   **Whole Foods Has Met its Burden of Establishing Federal Jurisdiction**

Where a removing defendant attempts to establish the amount in controversy is "facially

apparent" from the pleadings alone, the Court must look to the state court complaint and "add[] up

the value of the claim of each person who falls within the definition of the proposed class and

determine whether the resulting sum exceeds $5 million." *Standard Fire*, 133 S. Ct. at 1348.

However, damage allegations limiting the amount in controversy to an amount below $5 million

must be ignored because such an allegation is not binding on the putative class. *Id.* To determine

facial apparency:

> A removing defendant need not confess liability in order to show that the controversy
> exceeds the threshold. The removing party's burden is to show not only what the
> stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual
> demands . . . . The demonstration concerns what the plaintiff is claiming (and thus
> the amount in controversy between the parties), not whether the plaintiff is likely to
> win or be awarded everything he seeks.

*Berniard*, 2010 WL 8750602, at *3 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)

(internal citations omitted); *see also Hartis*, 694 F.3d at 944 (citing *Spivey*, 538 F.3d at 986).

Removal cannot be based on conclusory allegations. *Berniard*, 2010 WL 8750602, at *3; *see also*

*Pretka*, 608 F.3d at 752 ("The absence of factual allegations pertinent to the existence of jurisdiction

is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to

the stars.").

---

No. 15-61-JWD-SCR, 2015 WL 2338585, at *2 (M.D. La. Apr. 24, 2015).

There is no binding Fifth Circuit authority directly addressing Whole Foods' contentions, and thus the Court will first look to transferor circuit decisions to resolve the instant dispute. *See Korean Air Lines Disaster*, 829 F.2d at 1176 (noting that the law of the transferor circuit "merits close consideration" even though it "does not have stare decisis effect"). A close consideration of Eighth and Eleventh Circuit authority compels a finding of federal jurisdiction based solely on the damage claims on the face of Plaintiffs' complaints. Consequently, the Court abides by the directives of its sister circuits and finds Plaintiffs' motions are due to be denied.

According to Whole Foods, because Plaintiffs affirmatively seek up to $74,999 per class member, and because the putative classes number in the "thousands" or "tens of thousands," it is facially apparent that the amount in controversy exceeds $5 million. In support of this argument, Whole Foods cites to *Stafford v. Whole Foods Market California, Inc.*, a virtually indistinguishable case arising from the alleged misrepresentations by another member of the Whole Foods corporate family. No. 4:14-CV-00420, 2014 WL 4755988 (E.D. Ark. Sept. 24, 2014). *Stafford* involved a putative class action lawsuit against Whole Foods Market California, Inc. for allegedly mislabeling various Whole Foods 365 Everyday Value products as "Organic" or "All Natural" when they were in fact not. *Id.* at *1. Based on these allegations, and on behalf of a statewide class of individuals who had purchased the relevant products, the named plaintiff filed a complaint against Whole Foods Market California in Arkansas state court asserting claims for violations of the Arkansas Deceptive Trade Practices Act and for other state law claims. *Id.* The complaint alleged that no individual class member had a claim exceeding $74,999 and that the total amount in controversy did not exceed $4,999,999. *Id.* The named plaintiff sought to represent a class numbering "in the thousands." *Id.* Whole Foods removed the case to federal court on the basis of diversity jurisdiction under CAFA,

and the plaintiff moved to remand the case to state court. *Id.*   The parties made arguments substantially similar to those made by the parties in the above-styled cases. *Id.* at *2.

Denying the plaintiff's motion to remand, the *Stafford* Court looked to the face of the complaint to determine whether Whole Foods Market California met its burden of establishing the amount in controversy by a preponderance of the evidence. *Id.* at *3.  The court explained:

> Although the complaint alleges the damages do not exceed the $5,000,0000 amount in controversy, by alleging damages up to $74,999.00 per class member, [the plaintiff] has placed that amount in controversy for each class member . . . . Taking the complaint at face value, if each class member has a claim that might be as much as $74,999.00, and if the class is in the thousands, a jury might conclude the class suffered damages of more than $5,000,000.00.

*Id.* (internal citations omitted).   The court rejected plaintiff's post-removal attempt to limit the damage claims by submitting an affidavit stating that the named plaintiff purchased less than $150 of the products. *Id.*  The named plaintiff, as master of her complaint, could have alleged a smaller damage amount in her complaint. *Id.*  However, having alleged each of the "thousands" of class members' claims may be as much as $74,999, "she cannot escape the conclusion that her complaint places in controversy an aggregate amount that exceeds $5,000,000." *Id.*

The *Stafford* court's reasoning was largely driven by two Eighth Circuit decisions, both of which addressed arguments similar to those made by Plaintiffs in the instant cases.  First, the *Stafford* decision relied on *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935 (8th Cir. 2012).  Looking to the face of the plaintiff's complaint to find the defendant met its removal burden, the *Hartis* court rejected the argument a removing defendant must submit proof of the class size or amount of damages per class member where such information is readily obtainable by the corporate defendant. *Id.* at 944–45.  Second, and perhaps more germane to Plaintiffs' arguments here, the *Stafford* court

relied on *Grawitch v. Charter Communications, Inc.*, 750 F.3d 956 (8th Cir. 2014). In *Grawitch*, two class action plaintiffs sought damages based an alleged misrepresentation of the speeds at which certain internet modems were capable of performing and alleged that members of the class had "been damaged, collectively, in an amount in excess of $50,000.00. However, no individual Plaintiff has been damaged in an amount in excess of $50,000.00." *Id.* at 959; *see also* Def. Resp. [#28-1] Ex. A (Grawitch Compl.) ¶ 23, Rodhouse Suit. On appeal of the district court's refusal to remand the case to state court, the Eighth Circuit held that because the putative class consisted of at least 50,000 class members, and because the plaintiffs sought "up to $50,000 in damages per class member . . . a jury might conclude that the class suffered damages of more than $5 million dollars, even if the individual class members' monthly overpayment was minimal." *Id.* at 960.

Unable to distinguish *Stafford*, Plaintiffs instead implore the Court to deviate from its "wrongly decided" holding.[4] Plaintiffs make a number of arguments to support such a conclusion, none of which are convincing. First, Plaintiffs argue it is not possible, let alone plausible each plaintiff has suffered up to $74,999 in damages based on Yogurt selling for between $1.29 and $5.99, depending on the container size, and, second, claim that Whole Foods' refusal to obtain all sales data for the allegedly mislabeled yogurt to substantiate its claim is a tacit admission the amount in

---

[4] Plaintiffs *do* attempt to distinguish *Hartis* and *Grawitch*. First, Plaintiffs argue *Hartis* is distinguishable because the court did not rely solely on the plaintiff's damage allegations but instead calculated the amount in controversy based on averages derived from the complaint's factual claims. While this observation is accurate, *Stafford* only relied on *Hartis* to rebut the plaintiff's assertion a defendant must produce evidence to support removal when it is "readily available." Because this Court only relies on *Hartis* for the same proposition, Plaintiffs' distinctions make no difference. Next, Plaintiffs contend *Grawitch* is distinguishable because whereas Charter submitted an affidavit with its notice of removal attesting to a concrete number of class members, here, Whole Foods has provided no such evidence. However, Charter submitted an affidavit attesting to the number of potential class members because the plaintiff's complaint itself only alleged "[t]hat there exist more than 100 potential class members." Whole Foods has no such need in the instant cases because Plaintiffs' respective complaints allege class sizes in the "thousands" or "tens of thousands."

controversy is below the jurisdictional minimum.   However, both arguments were explicitly foreclosed in *Hartis* and *Grawitch*.  Plaintiffs are not required to produce sales data to substantiate Plaintiffs' damage allegations where the face of the complaint expressly puts into controversy up to $74,999 per plaintiff even if the individual class member's damages might be "minimal."[5]

Second, Plaintiffs argue alleging less than $75,000 per class member is not the same as alleging up to $74,999.00.  However, Plaintiffs have provided no relevant authority to support their position.  For example, Plaintiffs repeatedly cite to *McClendon v. Chubb Corp.*, in which the district court remanded a class action lawsuit where plaintiff's state court complaint alleged the "total recovery" of each class member was less than $75,000 and the "total aggregate reward" for all class members was less than $5 million. No. 2:11-CV-02034, 2011 WL 3555649, at *3 (W.D. Ark. Aug. 11, 2011).  However, the *McClendon* Court expressly noted the removing defendants had not argued removal would be appropriate under CAFA and thus the "only issue currently before the Court is whether the amount in controversy for any plaintiff exceeds $75,000." *Id.* at *2.  In analyzing this question, the *McClendon* court stated that "looking at the face of the complaint alone, the Plaintiffs' claim for damages of less than $75,000 for each Plaintiff and class member is sufficient as a 'sum certain'" of $74,999. *Id.* at *3.  While Whole Foods' approach may be overly formalistic, this Court cannot ignore the directives of *Grawitch* and *Stafford*, especially where courts in each transferor circuit have continually recognized the implication of pleading "less than" the jurisdictional amount. *See, e.g.*, *Ray v. Am. Airlines, Inc.*, No. 08-5025, 2008 WL 3992644, at *6 (W.D. Ark. Aug. 22,

---

[5] Frydman also submits Whole Foods' Annual Report (Form 10-K) from which she argues the average sales over the class period for relevant 365 Everyday Value brand products at issue here are well under the $5 million requirement. Remand Mot. [#35-1–35-7], Frydman Suit. As Whole Foods points out, these "averages" do not account for product popularity, regional popularity, and price and are therefore wholly speculative. *See* Defs.' Resp. [#35-8], Frydman Suit. Accordingly, Frydman cannot use this data to limit the controversy where her complaint expressly alleges up to $74,999 per class member.

2008) (finding the requisite amount in controversy under CAFA where Plaintiff alleged a damage amount "insufficient to satisfy the jurisdictional requirements in federal diversity cases" because such an allegation was proof that Plaintiff intended to place up to $74,999 in controversy for each plaintiff); *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313, 1316–17 (S.D. Ala. 2004) (noting that where the plaintiff alleges damages "not to exceed" $75,000, "[t]he complaint expressly articulates the plaintiff's desire to recover $75,000.00 in compensatory and punitive damages").

Finally, Plaintiffs argue alleging an amount not to exceed $75,000 per class member and not to exceed $5 million in the aggregate evidences their intent to avoid federal court, and, therefore, it cannot be "facially apparent" the complaint puts more than $5 million in controversy.  While such an argument may prevail in the context of § 1332 diversity cases, it does not have the same force in the context of cases removed pursuant to CAFA.  In run-of-the-mill diversity cases, "[i]f [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury*, 303 U.S. at 288.  However, in CAFA cases, the Supreme Court has directed district courts to ignore a named plaintiff's attempt to duck federal jurisdiction by alleging an amount in controversy below $5,000,000. *See Standard Fire*, 133 S. Ct. at 1348.  Rather, the Court must aggregate the claims of each class member to determine whether the jurisdictional threshold is satisfied.  Plaintiffs, as masters of their complaints, have expressly alleged up to $75,000 for each of the "thousands" of class members and, therefore, "cannot escape that [their] complaint places in controversy an aggregate amount that exceeds $5,000,000." *Stafford*, 2014 WL 4755988, at *3.

Looking only to the face of Plaintiffs' respective state court complaints, and reading CAFA "broadly, with a strong preference that interstate class actions should be heard in federal court," S. Rep. No. 109–14 at 43 (2005), Whole Foods has met its burden of establishing by a preponderance of the evidence that the putative class includes more than 100 members, that there is minimal diversity of citizenship, and that the amount in controversy exceeds $5,000,000. Consequently, because neither of the Plaintiffs offer evidence tending to prove to a legal certainty their claims are actually for less than the jurisdictional amount, *see De Aguilar*, 47 F.3d at 1411–12, Plaintiffs' motions to remand are DENIED.[6]

Accordingly,

IT IS ORDERED that Plaintiff Sarah Rodhouse's Renewed Motion to Remand [#27] and Plaintiff Meredith Frydman's Motion to Remand [#35] are DENIED; and

IT IS FINALLY ORDERED that Plaintiffs in *In re Whole Foods Market, Inc. Greek Yogurt Mktg. & Sales Practices Litig.*, 1:14-MC-2588-SS, MDL No. 2588 (W.D. Tex., transferred Dec. 10, 2014) file an amended Consolidated Complaint which incorporates the parties and claims of the above-styled causes.

SIGNED this the 29ᵃ day of September 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[6]  Because the case is properly removed, Frydman's request for reasonable attorneys' fees, costs, and expenses associated with defending against removal is denied. Moreover, having found federal jurisdiction under CAFA, the Court need not address whether it independently has § 1332 diversity jurisdiction over the claims in either case.